IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY C. SAUNDERS,** | : | **CIVIL ACTION NO. 1:22-CV-729** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **LAUREL HARRY**, *et al.*, | : | |
| | : | |
| **Respondents** | : | |

## <u>MEMORANDUM</u>

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254.  Petitioner, Timothy C. Saunders, asserts that he is entitled to a writ of habeas corpus because the Pennsylvania Parole Board has repeatedly considered his refusal to admit guilt with respect to his underlying criminal conviction in denying him parole.  We will deny the petition with prejudice.

## I.      <u>Factual Background & Procedural History</u>

Saunders is currently incarcerated in Camp Hill State Correctional Institution ("SCI-Camp Hill") serving a sentence for one count of reckless burning or exploding and one count of arson involving danger of death or bodily injury imposed by the Erie County Court of Common Pleas.  See Saunders v. Harry, No. 1:20-CV-224, 2022 WL 1063064, at *1-2 (W.D. Pa. Apr. 8, 2022) (dismissing habeas corpus petition challenging underlying conviction).  He became eligible for parole on February 1, 2021 and has been denied parole on multiple occasions by the Pennsylvania Parole Board.  (Doc. 1 at 2).  The board noted that his refusal to

accept responsibility for the offenses he committed was a factor supporting the denial of parole.  (See id. at 6; Doc. 12-2 at 12).

Saunders filed this case on May 12, 2022, and the court received and docketed his petition on May 17, 2022.  (Doc. 1 at 5).  He asserts that the board's consideration of his refusal to accept responsibility for his criminal actions violates his First Amendment right not to speak, violates his Fifth Amendment right to remain silent, constitutes retaliation in violation of the First Amendment, violates the double jeopardy clause of the Fifth Amendment, and violates his rights to due process and equal protection under the Fourteenth Amendment.  (Id. at 2-5). Respondent[1] responded to the petition on July 15, 2022, and Saunders filed a reply brief on August 11, 2022.  (Docs. 12, 15).  The petition is ripe for review.

## II.    **Discussion**

Saunders grounds his request for habeas corpus relief in 28 U.S.C. 2254, which allows federal courts to grant writs of habeas corpus to state prisoners if they show that they are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Saunders first claims that the parole board's consideration of his refusal to accept responsibility for his criminal acts violates his First Amendment right to

---

[1] Saunders has named the Attorney General of Pennsylvania and the District Attorney of Cumberland County as respondents, but the proper respondent in a habeas corpus action is the warden or superintendent of the facility where the petitioner is being held.  Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  We will accordingly direct the Clerk of Court to terminate all respondents with the exception of Superintendent Laurel Harry.  We will refer to Superintendent Harry as "respondent" for the remainder of this opinion.

refrain from speaking.  (Doc. 1 at 2).  According to Saunders, various employees of

the board and the Pennsylvania Department of Corrections told him that he would

be denied parole if he did not admit guilt.  (Id.)

We find this argument unpersuasive.  Limitations on a parole applicant's

First Amendment right to freedom of speech are constitutional if they are

reasonably related to a legitimate penological interest.  Newman v. Beard, 617 F.3d

775, 781 (3d Cir. 2010).[2]  Saunders claims that consideration of his refusal to admit

guilt violated his rights under the First Amendment, but consideration of whether

an inmate has accepted responsibility for his actions is reasonably related to the

legitimate penological interest of rehabilitation.  McKune v. Lile, 536 U.S. 24, 36-37

(2002) (plurality opinion).

Saunders's Fifth Amendment claim is similarly unavailing.  "The touchstone

of the Fifth Amendment is compulsion."  Newman, 617 F.3d at 780.  Conditioning of

parole on an inmate's acceptance of responsibility for his actions does not amount

to compulsion under the Fifth Amendment.  Id.  If the inmate chooses not to

voluntarily seek parole, he can simply remain in prison for the remainder of his

sentence without having to accept responsibility.  Id. ("Newman has not been

---

[2] Saunders argues that reliance on Newman is misplaced because the
plaintiff in Newman was a convicted sex offender and thus subject to regulatory
requirements to admit guilt before he could be granted parole, whereas Saunders is
not subject to such requirements because he is not a convicted sex offender.  (Doc.
15 at 7-8).  We agree with Saunders that Newman is factually distinguishable from
the instant case and does not directly control our analysis, but as a published
decision from our court of appeals Newman must be treated as binding precedent
with respect to many of the principles of law at issue in this case.

compelled to speak.  If he did not seek parole voluntarily, he would remain in prison

for the remainder of his sentence without admitting his guilt.").[3]

     Saunders's retaliation claim requires proof that (1) he engaged in

constitutionally protected conduct; (2) prison officials took retaliatory action against

him that was sufficient to deter a person of ordinary firmness from exercising his

constitutional rights; and (3) there was a causal connection between the protected

conduct and the retaliatory action.  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

Saunders's retaliation claim fails because he has not established that his refusal to

accept responsibility for his criminal actions was constitutionally protected.

Newman, 617 F.3d at 781 n.3 ("Because we hold that the Parole Board did not

violate Newman's First Amendment rights by requiring him to admit guilt to

participate in the SOP, his claims for First Amendment retaliation and

---

[3] Saunders argues in his reply brief that his Fifth Amendment claim is
properly understood as a right to remain silent claim rather than a claim that the
board violated his right to be free from self-incrimination.  (See Doc. 15 at 9-11).  To
the extent Saunders relies on the right to silence rather than compelled self-
incrimination, his claim is properly understood as a First Amendment claim rather
than a Fifth Amendment claim.  See Newman, 617 F.3d at 780 ("The two
amendments serve different purposes.  The Fifth Amendment protects the right not
to 'be compelled in any criminal case to be a witness against oneself,' while the First
Amendment protects, among other things, 'the right to refrain from speaking at
all.'" (internal alterations omitted) (quoting Wooley v. Maynard, 430 U.S. 705, 714
(1977))).  "[P]opular misconceptions notwithstanding, the Fifth Amendment
guarantees that no one may be 'compelled in any criminal case to be a witness
against himself'; it does not establish an unqualified 'right to remain silent.'"
Salinas v. Texas, 570 U.S. 178, 189 (2013) (quoting U.S. CONST. amend. V).  Any
claim based on the right to silence rather than the right to be free from self-
incrimination is properly denied for the reasons set forth above in the court's
analysis of Saunders's First Amendment claim.

unconstitutional condition[s] necessarily fail as well." (citing <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001))).

Saunders's double jeopardy claim asserts that the denial of parole violates the double jeopardy clause of the Fifth Amendment by "increasing Petitioner's minimum sentence." (Doc. 1 at 4).  This claim is without merit.  "Under Pennsylvania law, the sentence imposed for a criminal offense is the maximum term; the minimum term merely sets the date prior to which a prisoner may not be paroled."  <u>Brown v. Pa. Bd. of Probation & Parole</u>, 668 A.2d 218, 220 (Pa. Commw. Ct. 1995); <u>accord</u> <u>Marvin v. Killian</u>, No. 3:07-CV-1479, 2008 WL 4128149, at *4 (M.D. Pa. Sept. 4, 2008).  Denial of parole prior to the expiration of a maximum sentence therefore does not constitute a double jeopardy violation because it does not increase the prisoner's sentence.  <u>See</u> <u>Brown</u>, 668 A.2d at 220; <u>Fisher v. Palakovic</u>, No. 1:06-CV-1776, 2007 WL 140995, at *4 (M.D. Pa. Jan. 17, 2007); <u>see also</u> <u>Greenholtz v. Inmates of Nebraska Penal & Correctional Complex</u>, 442 U.S. 1, 7 (1979) (noting that prisoners do not have a constitutional right to be to be paroled prior to the expiration of their maximum sentence).

Saunders additionally argues that the board considering his refusal to accept responsibility for his criminal acts violates his rights to substantive due process and procedural due process under the Fourteenth Amendment.  (Doc. 1 at 5).  These claims plainly fail.  Consideration of an inmate's failure to accept responsibility for his criminal actions does not violate substantive due process because it is not arbitrary and does not shock the conscience.  <u>Newman</u>, 617 F.3d at 782.  Similarly, it

does not violate procedural due process because refusal to admit guilt is a legitimate consideration in denying parole.  Id. at 783.

Finally, Saunders argues that the board considering his refusal to accept responsibility violates his right to equal protection under the Fourteenth Amendment.  (Doc. 1 at 5).  Saunders asserts that he is being denied parole because of his refusal to admit his guilt "while other prisoners who are similarly situated have been granted parole."  (Id.)  This argument is without merit.  Refusal to admit guilt is a legitimate consideration in a parole proceeding and is rationally related to the question of whether a prisoner has been rehabilitated.  See McKune, 536 U.S. at 36-37; Newman, 617 F.3d at 783.  Hence, Saunders's equal protection claim fails because inmates who have accepted responsibility for their criminal actions are not similarly situated to him.  See, e.g., Stradford v. Sec'y Pa. Dep't of Corrs., 53 F.4th 67, 73-74 (3d Cir. 2022) (noting that equal protection claims require proof that "the Government has treated [the plaintiff] differently from a similarly situated party and that the Government's explanation for the differing treatment does not satisfy the relevant level of scrutiny").

## III.   Conclusion

We will deny the petition for writ of habeas corpus with prejudice.  A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to

deserve encouragement to proceed further.  <u>Buck v. Davis</u>, 580 U.S. 100, 115 (2017)

(citing <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)).  An appropriate order shall

issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     August 3, 2023